UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | CAUSE NO. 4:11-CV-12-TLS |
| LEE'S BI-STATE ROOFING COMPANY, Defendant. | ) ) ) | |

**OPINION AND ORDER**

The Plaintiff, Trustees of the Indiana State Council of Roofers Health and Welfare Fund, has filed a Motion for Entry of Default Judgment [ECF No. 8] against the Defendant, Lee's Bi-State Roofing Company. On April 1, 2011, the Clerk entered default against the Defendant for its failure to file any responsive pleading or otherwise defend in this matter. To date, the Defendant has not entered its appearance through counsel or responded to the Clerk's Entry of Default. In support of it Motion, the Plaintiff has attached the Affidavits of Ellen Densborn, the Fund administrator, and Charles L. Berger, the Plaintiff's attorney.

Once the default of a party has been established (based upon the party against whom a judgment for affirmative relief is sought having failed to plead or otherwise defend), Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. As long as a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Under Rule 54(c), a party obtaining a

default judgment in its favor is not entitled to a judgment that differs in kind from or an award that exceeds the amount demanded in the pleadings. Even when default judgment is warranted, allegations in the complaint regarding the amount of damages are not taken to be true. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323. Instead, courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323. In addition, when a damages total has component parts, courts require evidence to support the components of the total damages. *Dundee Cement Co.*, 722 F.2d at 1324.

In this action, the Plaintiff has sought to collect delinquent contributions to the Indiana State Council of Roofers Health and Welfare Fund pursuant to a collective bargaining agreement and 29 U.S.C. § 1132. The Plaintiff alleges that the Defendant owes contributions and has incurred liquidated damages and interest in the amount of $31,251.40, and has incurred attorney's fees and will incur such fees in completion of collection in the amount of $720.00, and costs in the amount of $350.00. (Ellen Densborn Aff. ¶ 6, ECF No. 8-1; Charles Berger Aff., ECF No. 8-2.) The default of the Defendant has already been established, and, as a matter of law, the Defendant is liable to the Plaintiff on the cause of action alleged against it in the Complaint. Additionally, the relief sought by the Plaintiff in its Motion for Default Judgment does not differ in kind from the relief sought in the Complaint. However, the Plaintiff's Motion is not accompanied by an adequate evidentiary basis to support its calculation of damages.

The Plaintiff does not submit any documentary evidence. The sole evidentiary support for the calculation of damages is Densborn's Affidavit, but it is not sufficiently detailed. In her

2

Affidavit, Densborn offers $31,251.40 as the final amount of delinquent contributions and liquidated damages that are due under the controlling documents, but she does not cite to any contract language, provide the dates of delinquency, or indicate how she arrived at this figure. The Plaintiff does not identify the interest rate or the liquidated damages provided under the parties' collective bargaining agreement, or otherwise provide the Court with a means of determining the amount of liquidated damages the Plaintiff seeks. Densborn's cursory statement regarding the total amount of contributions owed to the Plaintiff does not provide sufficient information to determine the amount of damages. *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (finding that an affidavit containing a conclusory statement of loss did not provide the reasonable certainty for a damages award without the necessity of a hearing).

Because the grounds for default are present, the Court will grant the Plaintiff additional time to supplement its evidentiary materials in support of the damages calculation.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Default Judgment is DENIED WITH LEAVE TO REFILE with supplementary evidence in support of the requested damages or to request an evidentiary hearing. The Plaintiff is not required to supplement its evidence regarding attorney's fees.

SO ORDERED on June 3, 2011.

                                             s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT
                                             FORT WAYNE DIVISION